FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV 30 PM 5:03
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| HOLLIS QUENTRAIL GEIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-161 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff alleges that on February 21, 2011, he wrote letters to Defendants explaining to them that while he was incarcerated at another prison, a bugging device or transmitter was

implanted in one of his wisdom teeth without his consent. (Doc. no. 1, p. 5.) Plaintiff requested that Defendants notify the Federal Bureau of Investigation to have the implant removed and evaluated, but Defendants failed to respond to Plaintiff's requests. (Id.) For obvious reasons, it is not necessary to explain Plaintiff's asserted claim in greater detail.[1]

## II. DISCUSSION

The Court has a duty to construe *pro se* filings liberally, Haines, 404 U.S. at 520-21; however, the Court is in no way obligated to accept a complaint like the instant one, which brings an obviously frivolous claim. 28 U.S.C. § 1915A. In Carter v. Ingalls, 576 F. Supp. 834, 835-37 (S.D. Ga. 1983) (Bowen, J.), the Court considered a prisoner plaintiff's claims that, *inter alia*, he was given improper medication, blue ink and glass were placed in his brain, and prison officials created fake pictures of the plaintiff having sexual intercourse with a dog. The case was subject to *sua sponte* dismissal because of its "patent lack of merit and want of realistic chances of ultimate success." Id. at 836 (citing Jones v. Ault, 67 F.R.D. 124, 129 (S.D. Ga. 1974) (where inmate alleged that prison officials were using a thought-control machine)). The same holds true in this case. Whether Plaintiff is delusional, making a joke, or simply seeking to harass Defendants, his outlandish accusation will not circumvent the screening provision of 28 U.S.C. § 1915A.

---

[1] The Court notes, and Plaintiff acknowledges, that this is not his first attempt to bring this claim. (Doc. no. 1, p. 3.) In 2005, this Court recommended the dismissal of a claim almost identical to the instant one for frivolity. Geiger v. Ga. Dep't of Corrs., CV 305-035, doc. no. 10 (S.D. Ga. June 13, 2005), *adopted as opinion of District Court*, doc. no. 17 (Bowen, J.).

## III. CONCLUSION

Simply put, a pauper's affidavit is not a free ticket to litigate frivolous claims. <u>Ault</u>, 67 F.R.D. at 127. The Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** for frivolity.

SO REPORTED and RECOMMENDED this 30th day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE